IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL PHILLIP ZEY**                                                       **PLAINTIFF**

v.                                                         CAUSE NO. 1:11-CV-363-LG-JMR

**STATE OF MISSISSIPPI, et al.**                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Before this Court is Plaintiff's response [20] filed February 14, 2012, to the order [19] entered January 17, 2012.  While incarcerated, Plaintiff filed the instant complaint [1] on September 29, 2011, pursuant to 42 U.S.C. § 1983.  Since filing the instant complaint [1], Plaintiff was released on October 16, 2011, after completing his 18-year sentence.  Am. Comp. [14] at p.1.  Plaintiff has named as Defendants the State of Mississippi; Jim Hood, Attorney General for the State of Mississippi; Honorable Kosta N. Valhos, Circuit Court Judge; Cono A. Caranna, District Attorney; Charles E. Woods, Assistant District Attorney; Mark B. Strickland, attorney representing Plaintiff; Honorable Pierce, Justice of the Mississippi Supreme Court; Honorable Lamar, Justice of the Mississippi Supreme Court; Honorable Dickinson, Justice of the Mississippi Supreme Court; Christopher Epps, Commissioner of the Mississippi Department of Corrections; Ronald King, Superintendent of the South Mississippi Correctional Facility; Leonard Vincent, General Counsel for the Mississippi Department of Corrections; Jim Norris, Special Assistant Attorney General for the Mississippi Department of Corrections; Honorable Jane Doe, Circuit Court Judge; and Kenny Hatten, Circuit Court Clerk of Stone County, Mississippi.  Compl. [1] and Am. Compl. [7].  As relief, Plaintiff is

seeking monetary damages. *Id.* Having further screened Plaintiff's complaint [1], amended complaints [7 & 14] and response [10] pursuant to 28 U.S.C. § 1915(e)(2), the Court has made the following determinations.

## BACKGROUND

In the instant complaint [1], Plaintiff states that he was falsely imprisoned because of an illegal indictment resulting in an unconstitutional conviction and sentence. According to his amended complaint [7], Plaintiff states that he was indicted for forcible rape, pursuant to Mississippi Code Annotated § 97-3-65(2), in February 1994, in cause number 1772. On April 28, 1994, he states that he was reindicted for the "same transaction" as cause number 1772, but it was assigned cause number 1795. Am. Compl. [7] pp. 2-3. Then on October 14, 1994, according to the Plaintiff, Defendants Woods, Strickland and Judge Valhos agreed to "pass[ ] into the record," based on an "*ore tenus* motion," cause number 1772. *Id.* Plaintiff argues that his conviction based on cause number 1795 for rape under Mississippi Code Annotated § 97-3-65 was illegal. *Id.* at p. 3. Furthermore, Plaintiff argues that Defendants Justice Dickinson, Justice Lamar and Justice Pierce were mistaken when they dismissed his Motion to Vacate in *Zey v. State*, No. 2011-M-0275 (Miss. Sup. Ct. Apr. 6, 2011). *Id.* Therefore, Plaintiff files the instant civil action requesting monetary damages for his alleged false imprisonment for eighteen years. Compl. [1] at pp. 4-6 and Am. Compl. [7] at p. 9.

## ANALYSIS

Title 28 U.S.C. § 1915(e)(2) (as amended), applies to *in forma pauperis* proceedings and provides that "the court shall dismiss the case at any time if the

2

court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Therefore, because Plaintiff was granted *in forma pauperis* status by an order [11] entered on November 9, 2011, § 1915(e)(2) applies to this case.

The United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is not cognizable under 42 U.S.C. § 1983:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). Moreover, the United States Court of Appeals for the Fifth Circuit applies the holding of *Heck* to cases where the plaintiff has been released. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000).

If Plaintiff was successful in this § 1983 action concerning the claim of "unconstitutional conviction and sentence," specifically his claims that he was

incorrectly sentenced as a habitual offender; his attorney, Defendant Strickland, was ineffective, and the indictment was illegal because the trial court and prosecutors falsely stated that he was reindicted for the charge of forcible rape, it would necessarily imply the invalidity of his conviction. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)(stating that a "grossly disproportionate" sentence to the crime committed can be attacked on the ground that it violates the Eighth Amendment); *Strickland v. Washington*, 466 U.S. 668, 687 (1984)(when the attorney representing a criminal defendant fails to provide effective assistance, the criminal defendant's Sixth Amendment right has been violated); and *Johnson v. Estelle,* 704 F.2d 232, 236 (5th Cir. 1983)(finding that a petitioner can prevail on a claim of insufficiency of an indictment "when the indictment is so fatally defective that under no circumstances could a valid conviction result from facts provable under the indictment ...."). Based on the foregoing, this Court finds that this § 1983 action calls into question the validity of Plaintiff's conviction. Because Plaintiff fails to establish that his conviction has been invalidated, expunged or reversed, Plaintiff cannot maintain this § 1983 action. Therefore, the complaint [1] should be dismissed.[1]

---

[1]This Court finds that Plaintiff's petition for habeas relief filed in this Court on November 30, 1999, was dismissed because Petitioner had failed to file such a request within the federal one-year limitations period found in 28 U.S.C. § 2244(d). *Zey v. Jager*, Cause No. 1:99-CV-540 (S.D. Miss. Apr. 27, 2000). Petitioner's Certificate of Appealability was denied by the United States Court of Appeals for the Fifth Circuit. *Zey v. Jager*, No. 00-60265 (5th Cir. Apr. 12, 2001). Plaintiff's attempt to receive authorization from the United States Court of Appeals for the Fifth Circuit to file a second or successive petition for habeas relief has been denied as recently as December 7, 2011. *See Zey v. King,* 1:11-CV-340 (S.D. Miss. Sept. 20, 2011).

Even though Plaintiff's complaint [1] and request for monetary damages are being dismissed for failing to meet the requirements set forth in *Heck*, the United States Court of Appeals for the Fifth Circuit has held that "it remains appropriate for district courts to consider the possible applicability of absolute immunity . . . as a threshold matter in making a § 1915(d) determination." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). With that in mind, this Court finds that even if Plaintiff successfully met the *Heck* requirements he would not be allowed to maintain this § 1983 complaint against Defendants Judge Valhos and Judge Jane Doe and Justice Pierce, Justice Lamar, and Justice Dickinson.

"Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). The case law is well established that a judge enjoys absolute immunity from damages when performing within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988).

In *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), the United States Court of Appeals for the Fifth Circuit announced a four factor test to use in determining whether a judge acted within the scope of his judicial capacity. The four factors are "(1) whether the precise act complained of is a normal judicial function; (2) whether

5

the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Id.* at 515.  In applying the four factors, it is clear that Defendants Judge Valhos, Judge Jane Doe, Justice Pierce, Justice Lamar, and Justice Dickinson are absolutely immune.  The decisions rendered by these defendants were clearly within the normal judicial function which arose out of their official capacity.  Furthermore, there is no indication that the actions of these Defendants occurred outside the courtroom or chambers/office.  Consequently, this Court finds that Plaintiff could not maintain an action pursuant to 42 U.S.C. § 1983 against Defendants Judge Valhos, Judge Jane Doe, Justice Pierce, Justice Lamar, and Justice Dickinson.

  Additionally, a district attorney, when acting within the scope of his role as a prosecutor, enjoys absolute immunity from liability in lawsuits filed pursuant to 42 U.S.C. § 1983.  *Imbler v. Pachtman*, 424 U.S. 409 430-31 (1976).  In analyzing whether the defendant is absolutely immune, the Court must look to the conduct at issue and then determine if the conduct falls within the scope of actions that are immune.  *See Hoog-Watson v. Guadalupe County, Tex.*, 591 F.3d 431, 438 (5th Cir. 2009).  The allegations against Defendants District Attorney Caranna and Assistant District Attorney Charles E. Woods demonstrate that they were acting within their judicial discretion relating to prosecuting the criminal charge against Plaintiff.  Clearly, the conduct of Defendants Caranna and Woods are "intimately associated with the judicial phase of the criminal process." *Id.* (other citations

omitted)(quoting *Imbler*, 424 U.S. at 430). As such, Plaintiff has failed to establish that Defendants Caranna and Woods were acting beyond the scope of his prosecutorial authority. Since Defendants Caranna and Woods are absolutely immune from liability and damages under these circumstances, Plaintiff could not maintain this § 1983 action against these Defendants.

Finally, this Court finds that Plaintiff cannot maintain a § 1983 civil action against Defendant Strickland, even if he were to satisfy the *Heck* requirements. To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Even though it is unclear if Defendant Strickland was hired by the Plaintiff to represent him in the criminal proceedings which are the bases of this civil action or if Defendant Strickland was appointed by the State of Mississippi to represent the Plaintiff, this Court finds that Defendant Strickland is not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981)(holding that a public defender is not a state actor for purposes of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Consequently, based on the allegations of the complaint [1], amended complaints [ 7 & 14] and response [20], Plaintiff could not maintain this civil action file pursuant to § 1983 against Defendant Strickland.

## CONCLUSION

Plaintiff cannot maintain this § 1983 civil action concerning his claim for monetary damages, which essentially challenges his conviction, until the *Heck*

7

requirements are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Therefore, the claims will be dismissed with prejudice for failure to state a claim. In addition, Plaintiff's claim against Defendants Judge Valhos, Judge Jane Doe Danko, Justice Pierce, Justice Lamar, and Justice Dickinson are dismissed with prejudice, because these Defendants are immune from the instant § 1983 civil action.  Finally, Plaintiff cannot maintain a § 1983 action against Defendant Strickland, because he is not a state actor.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this lawsuit is hereby **DISMISSED WITH PREJUDICE**.  A Final Judgment in accordance with this Memorandum Opinion and Order  will be entered.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2012.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE