IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL PHILLIP ZEY**                                                    **PLAINTIFF**

**v.**                                             **CAUSE NO. 1:11-CV-363-LG-JMR**

**STATE OF MISSISSIPPI, et al.**                                **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

This matter is before the Court on Plaintiff's Motion entitled "Motion to Reconsider the Plaintiff's Complaint Dated February 24, 2012 [27]." Even though a "motion for reconsideration" is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Servs., Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(citing *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds). Having reviewed the Motion [27] as well as the record, this Court finds that this Motion [27] will be construed as one filed pursuant to Rule 59(e) since it was filed within 28 days of the judgment and as discussed below, this Court finds that the Motion [27] is not well taken and will be denied.

In order to obtain relief, Plaintiff "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003)(citation

omitted).  The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a district court should consider the following non-inclusive factors: (1) the reasons for petitioner's default;  (2) the importance of the evidence to petitioner's case;  (3)  whether the evidence was available to petitioner before they responded to the underlying motion; and  (4)  the likelihood that respondents will suffer unfair prejudice if the case is reopened.  *See Sturges v. Moore*, 73 F. App'x 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id*.

This Court considered the allegations asserted by the Plaintiff in his Complaint [1] and Amended Complaint [14] as well as the attachments and exhibits.  *See* Memo. Opin. [21] at p. 1.  As determined in the Memorandum Opinion and Order [21] entered on February 24, 2012, Plaintiff has not had his conviction or sentence invalidated.  Therefore, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Plaintiff cannot maintain the instant § 1983 civil action for monetary damages concerning claims that he received an unconstitutional conviction and sentence.  Moreover, Plaintiff cannot maintain a § 1983 civil action for monetary

2

damages against defendants Judge Valhos, Judge Jane Doe, Justice Pierce, Justice Lamar, Justice Dickinson, Caranna, and Woods, because they are immune from liability and damages.  Memo. Opin. [21] at pp. 5-6.  Additionally, because Defendant Strickland is not a state actor, Plaintiff cannot maintain a § 1983 civil action against this defendant.  *Id*. at p.6.   This Court finds that the allegations and arguments of the Motion [27] presently before this Court simply reassert the claims Plaintiff asserted in his Complaint [1] and Amended Complaint [14] and do not establish that Plaintiff has met the *Heck* requirement by having his conviction and sentence invalidated since he filed the instant civil action.

Having considered Plaintiff's Motion [27], this Court finds that there was no error or newly discovered evidence presented that would require this Court to alter the conclusion of the Final Judgment [22].  Consequently, this Court made the correct legal finding when it issued the Memorandum Opinion and Order [21] and Final Judgment [22] entered on February 24, 2012.  Accordingly, it is,

**ORDERED AND ADJUDGED** that Plaintiff's Motion [27] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2012.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE